UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

In re: Jacqueline Elizabeth Ard and Terry Frank Nicola,

Debtors,

Jacqueline Elizabeth Ard, Terry Frank Nicola,

Appellants,

v.

John B. Kelchner, Lucas S. Fautua, John Franklin, Benjamin E. Grimsley, and James Wyman,

Appellees.

C/A No. 9:25-cv-12567-BHH-MHC

**REPORT AND RECOMMENDATION**

This is a pro se appeal from the United States Bankruptcy Court for the District of South Carolina (Bankruptcy Court) filed by Appellants Jacqueline Elizabeth Ard (Ard) and Terry Frank Nicola (Nicola). The docket number for the Bankruptcy Court action is Case No. 25-01384-JD. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. This Court generally has appellate jurisdiction to hear appeals pursuant to 28 U.S.C. § 158(a).

## BACKGROUND

On September 15, 2025, a Notice of Appeal from the Bankruptcy Court was filed. ECF No. 1. On March 3, 2026, the Court issued an Order notifying Appellants that they had failed to comply with the Federal Rules of Bankruptcy Procedure in that they failed to file with the bankruptcy clerk a designation of items to be included in the record on appeal and to submit a

statement of issues to be presented. ECF No. 4 at 1–2. The Court warned that the case may be dismissed if they failed to cure the deficiency. *Id.* at 2–3.

Appellants filed their statement of issues on appeal on April 2, 2026. ECF No. 6. The designated record was filed on April 16, 2026. ECF No. 9.

On April 20, 2026, the Court issued an Order advising the parties that "Fed. R. Bankr. P. 8011, 8014, and 8015 address the filing and form of briefs" and directing Appellants to serve and file their Appellant Brief, pursuant to Fed. R. Bankr. P. 8018, within thirty days—i.e., by May 20, 2026. ECF No. 10. That Order was mailed to Appellants at their address of record on April 20, 2026. ECF No. 11.

After Appellants failed to file any brief, the Court issued an Order on July 31, 2026, giving Appellants until August 21, 2026, to file a written brief in support of their appeal. ECF No. 13. The Court further warned Appellants that if they failed to file a brief, their case may be dismissed for failure to prosecute. *Id.* That Order was mailed to Appellants at their address of record on July 31, 2026. ECF No. 14.

Notwithstanding the notice of the failure to file their Appellant Brief, the extended deadline, and the Court's warning, Appellants have not filed any brief in this case. *See* docket.

**DISCUSSION**

"The district court . . . has the discretion to dismiss an appeal if the appellant fails to comply with the procedural requirements of the bankruptcy rules, including failing to meet the time limits for filing an appeal brief." *In re Broadnax*, 122 F. App'x 81, 82 (4th Cir. 2005); *see* Fed. R. Bankr. P. 8003(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court ... to act as it considers appropriate, including dismissing the appeal."). However, in doing

so, the court must take at least one of the following steps: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." *In re Broadnax*, 122 F. App'x at 82 (quoting *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992)); *see also Strickland-Lucas v. Herr*, 600 F. Supp. 3d 585, 589 (D. Md. 2022).

It is recommended that this action be dismissed for Appellants' failure to file an Appellant Brief, in violation of the rules of bankruptcy procedure. Rule 8018 of the Federal Rules of Bankruptcy Procedure requires an appellant to "serve and file a brief within 30 days after the docketing of notice that the record has been sent or that it is available electronically," unless the district court by order sets a different time or excuses the filing of briefs. Fed. R. Bankr. P. 8018(a)(1); *see also* Fed. R. Bankr. App. 8014(a) (setting forth content requirements for Appellant's Brief). Here, the Court issued an Order on April 20, 2026, ordering as follows: "Pursuant to Fed. R. Bankr. P. 8018[,] Appellants shall serve and file their brief(s) within thirty days from the date this order is entered." ECF No. 10 at 1. The 30-day time period expired on May 20, 2026, but Appellants did not file a brief or any other filing in this Court.

Thereafter, the Court issued an Order on July 31, 2026, which gave Appellants notice of their failure to file their brief, provided Appellants until August 21, 2026, to correct the deficiency and file the brief, and warned Appellants that failure to do so could result in dismissal of this case. ECF No. 13. Notwithstanding the notice and opportunity to cure, Appellants have not submitted a written brief as required under Rule 8018 or communicated with the Court in any way.

Considering the first *Serra* factor, the repeated failures of Appellants to comply with the procedural requirements of their appeal and court orders evinces, at a minimum, negligence on

Appellants' part. *See In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997) ("Bad faith [is] inferable from the overall behavior of the [appellants] throughout the procedure."); *In re Grice*, No. 13-50689, 2015 WL 11112155, at *2 (E.D. Va. Nov. 12, 2015) ("First, the court finds that Appellant's continued failure to act, despite the warnings and deadline extensions provided by the court, evidences either bad faith or negligence."), *aff'd*, 654 F. App'x 589 (4th Cir. 2016); *Reid v. Cohen*, No. PWG-19-752, 2020 WL 886181, at *3 (D. Md. Feb. 24, 2020) (finding bad faith where the appellants "have not met multiple procedural deadlines for this appeal, which leads me to believe that this appeal is also an effort to delay the inevitable"). This factor weighs in favor of dismissal.

The second factor weighs in favor of dismissal because Appellants have been advised of their duties and warned that noncompliance could result in dismissal of the appeal.

As to the third factor of possible prejudicial effect on other parties, this appeal has been pending for over a year with little to no progression. Appellants' "failure to prosecute their appeal burdens this Court's docket and is prejudicial to the prompt administration of justice." *Strickland-Lucas*, 600 F. Supp. 3d at 589. In addition, excessive delays may impair the Bankruptcy Trustee's disposition of estate assets. *See Brandeen v. Liebmann*, No. BR 15-24248-JS, 2017 WL 1398266, at *2 (D. Md. Apr. 19, 2017) (failure to file a brief or respond to the court's order to show cause clearly impeded the Trustee's effort to settle the claims). Therefore, the third factor also weighs in favor of dismissal.

Finally, in view of the delay and failure to comply with the Court's orders, the undersigned is aware of no appropriate sanction short of dismissal. Based on the foregoing, the undersigned recommends that Appellants' appeal be dismissed. *See* Fed. R. Bankr. P. 8003; *In re Serra*, 970 F.2d at 1311; *In re Weiss*, 111 F.3d at 1173.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that this bankruptcy appeal be **DISMISSED**.

**Appellants' attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

October 22, 2026
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).