IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

In re: Jacqueline Elizabeth Ard and Terry Frank Nicola,

Debtors,

Jacqueline Elizabeth Ard, Terry Frank Nicola,

Appellants,

v.

John B. Kelchner, Lucas S. Fautua, John Franklin, Benjamin E. Grimsley, and James Wyman,

Appellees.

Civil Action No. 9:25-cv-12567-BHH

**ORDER**

This matter is before the Court on Appellants' *pro se* appeal from the United States Bankruptcy Court for the District of South Carolina ("Bankruptcy Court"), docket number 25-1384-JD. For the reasons set forth below, the Court dismisses this appeal.

In accordance with Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review, and this Court generally has appellate jurisdiction pursuant to 28 U.S.C. § 158(a).

On October 22, 2026, Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court dismiss this appeal based on Appellants' failure to file an Appellant Brief, in violation of the rules of bankruptcy procedure, and despite the Court's orders instructing Appellants to do so. (*See*, *e.g.*, ECF Nos. 10, 13.) Attached to the Magistrate Judge's Report was a notice instructing

the parties of the right to file written objections to the Report within fourteen days of receiving a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court also may "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that this action is subject to dismissal based on Appellants' failure to comply with the procedural requirements for their appeal and the Court's orders. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 16), and the Court dismisses this bankruptcy appeal for all of the reasons set**

**forth by the Magistrate Judge**.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

November 13, 2026
Charleston, South Carolina